**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ALLEN R. THOMAS,

Plaintiff,

v.

CHARLES SANDILOS,

Defendants.

Civil No. 10-1109 (RBK)

**OPINION**

**APPEARANCES**:

ALLEN R. THOMAS, #51711
Cumberland County Jail
54 W. Broad Street
Bridgeton, NJ 08302

**KUGLER, District Judge**

Plaintiff Allen R. Thomas, a prisoner incarcerated at Cumberland County Jail, seeks to file a Complaint against his public defender alleging violation of his constitutional rights, pursuant to 42 U.S.C. § 1983. Based on Plaintiff's affidavit and prison account statement, this Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint.

**I. BACKGROUND**

Plaintiff sues Charles Sandilos, Assistant Deputy Public Defender who represents Plaintiff in a New Jersey criminal proceeding, for violation of his constitutional rights under 42 U.S.C. § 1983. He asserts that Sandilos provided ineffective assistance of counsel by failing to

interview Plaintiff in a timely fashion, failing to request a probable cause hearing, failing to inform the court of exculpatory evidence, failing to inform the court of perjury committed in the grand jury proceeding, etc. Plaintiff seeks an order removing Sandilos as defense counsel an appointing a pool attorney.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id.

The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 11949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1950.

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

## III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's § 1983 claims against Assistant Deputy Public Defender Sandilos fails as a matter of law because Sandilos was not acting under color of state law. "Although a private [person] may cause a deprivation of . . . a right, [she] may be subjected to liability under § 1983 only when [she] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)). In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant. See also Vermont v. Brillon, 129 S. Ct. 1283, 1291 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor"); Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Calhoun v. Young, 2008 WL 2944638 (3d Cir. Aug. 1, 2008) (public defender representing criminal defendant is not acting under color of state law). Because the acts and omissions complained of in regard to Sandilos concern the traditional functions of a criminal defense attorney, Sandilos was not acting under color of state law, and the Complaint fails to

state a claim under 42 U.S.C. § 1983.[2] Because the named defendant is not subject to suit under § 1983 for alleged violation of Plaintiff's constitutional rights, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.[3]

## IV. CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated: March 15, 2010

[2] To the extent that Plaintiff seeks injunctive relief for alleged continuing constitutional deprivations regarding his representation in an on-going criminal case, such relief is not available in this Court. See O'Shea v. Littleton, 414 U.S. 488, 496 (1974) (citing Younger v. Harris, 401 U.S. 37 (1971)); Calhoun, 2008 WL 2944638 at n.3.

[3] This Court is mindful that it may not dismiss a complaint without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000). In this case, nothing alleged by Plaintiff insinuates that he could cure the deficiencies in the Complaint by amending it. Accordingly, this Court will dismiss without granting leave to file an amended complaint.